

ORDERED in the Southern District of Florida on May 23, 2013.

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | PROCEEDING UNDER CHAPTER 13<br>Case No.   12-31077 BKC – RBR |
| Johanna M. Fernandez<br>SSN: xxx-xx-2659<br>        Debtor(s).        / | |

**AGREED**
**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF**
**LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA, NA**

THIS CASE scheduled to be heard on  May 16, 2013  on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE #23; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. That based on an agreement between the parties, the value of the debtor's real property (the "Real Property") located at 5016 Lincoln Street, Hollywood, FL 33021, and more particularly described as:

LF-92 (rev. 01/08/10)          Page **1** of 3

**WEST ½ OF LOT 34 AND ALL OF LOT 35 OF BLOCK 225 OF HOLLYWOOD HILLS, A SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 6 AT PAGE 22, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA** changed from $ 146,000.00  to $ 195,500.00  as agreed between the parties.

B. The total of all claims secured by liens on the Real Property senior to the lien of BANK OF AMERICA, NA (the "Lender") is $   0.00   .

C. That based on an agreement between the parties, the lender is being crammed down in the Chapter 13 Plan, and lender has a secured interest in the Real Property in the amount of $195,500.00 which will be paid at  5.00%  interest rate over the life of the plan, for a total payment of $ 221,359.80  to lender's mortgage recorded on  April 17, 2007  at OR Book  43903  Page  1998  in the official records of Broward County, Florida.

D. That debtor agrees to pay property taxes and homeowner's insurance outside the chapter 13 plan.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $195,500.00 @ 5.00%  .

3. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered crammed-down, and shall be restored in its full amount as a lien on the Real Property with Debtor receiving credit for all payments.

4. (Select only one):

    _____ Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be

        classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

        __X__ Lender filed a proof of claim in this case **(POC #11)**. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $198,786.22, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Respectfully submitted,

**Law Offices of Patrick L Cordero, Esq.**
Attorney for Debtor(s).
198 NW 37th Avenue
Miami, Florida 33125
Tel: (305) 445-4855

___/s/  FILED ECF_____
PATRICK L. CORDERO, ESQ.
FL Bar No. 801992

Attorney __Patrick L. Cordero, Esq.__ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)         Page **3** of 3